1  David M. Goodrich, State Bar No. 208675
   dgoodrich@wgllp.com
2  **WEILAND GOLDEN GOODRICH LLP**
   650 Town Center Drive, Suite 600
3  Costa Mesa, California 92626
   Telephone   714-966-1000
4  Facsimile   714-966-1002

5  Counsel for
   Richard A. Marshack, Chapter 7 Trustee

6

7

8                    **UNITED STATES BANKRUPTCY COURT**

9                      **CENTRAL DISTRICT OF CALIFORNIA**

10                          **SANTA ANA DIVISION**

11  In re                                    Case No. 8:20-bk-10268-TA

12  FARIBORZ ZANJANEE BABAEE AND             Chapter 7
    MALIHE P. BABAEE,
13                                           **CHAPTER 7 TRUSTEE'S MOTION FOR
                    Debtors.                 ORDER APPROVING COMPROMISE OF
14                                           CONTROVERSY PURSUANT TO
                                             FEDERAL RULE OF BANKRUPTCY
15                                           PROCEDURE 9019; MEMORANDUM OF
                                             POINTS AND AUTHORITIES; AND
16                                           DECLARATION OF RICHARD A.
                                             MARSHACK IN SUPPORT THEREOF**

17                                           [No Hearing Required Pursuant to Local
18                                            Bankruptcy Rule 9013-1(o)]

19      **TO THE HONORABLE THEODOR C. ALBERT, UNITED STATES**

20  **BANKRUPTCY JUDGE, THE OFFICE OF THE UNITED STATES TRUSTEE, THE**

21  **DEBTORS AND DEBTORS' COUNSEL, AND ALL PARTIES IN INTEREST:**

22          Richard A. Marshack, the duly appointed, qualified and acting chapter 7 trustee

23  ("Trustee") for the bankruptcy estate ("Estate") of Fariborz Zanjanee Babaee and Malihe

24  P. Babaee ("Debtors"), respectfully submits this *Motion for Order Approving Compromise*

25  *of Controversy Pursuant to Federal Rule of Bankruptcy Procedure 9019* ("Motion").  In

26  support of the Motion, the Trustee submits the following memorandum of points and

27  authorities, all pleadings and records on file, all matters subject to judicial notice, and his

28  declaration ("Marshack Declaration").

1336879.1                                                              MOTION

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000 / Fax 714-966-1002

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000 · Fax 714-966-1002

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    INTRODUCTION

The Trustee seeks approval of settlements that resolve two liens ("Liens") encumbering real property located at 508 Westminster Avenue, Newport Beach, California 92663 ("Property"), which the Trustee intends to sell for the benefit of creditors.  The first settlement, which is between the Trustee and Comerica Bank ("Comerica"), resolves potential claims relating to a third deed of trust asserted against the Property as set forth in the proposed *Settlement Agreement* ("Comerica Agreement") attached hereto as **Exhibit 1**.  The proposed Comerica Agreement provides, among other things, for the subordination and transfer of a portion of Comerica's lien for the benefit of unsecured creditors of the Estate, and for Comerica's consent to the Trustee's sale of the Property.

The second settlement, which is between the Trustee, City National Bank ("CNB"), and the VEDC Trust ("Liquidating Trust"),[1] resolves claims relating to a fourth deed of trust asserted against the Property as set forth in the proposed *Settlement Agreement* ("VEDC Agreement") attached hereto as **Exhibit 2**.  The proposed VEDC Agreement provides, among other things, for the subordination and transfer of a portion of Comerica's lien for the benefit of unsecured creditors of the Estate, and for Comerica's consent to the Trustee's sale of the Property.

The proposed agreements ("Agreements"), if approved, will transfer liens and associated lien rights to the Trustee to be used to pay unsecured claims of the Estate. Additionally, the Agreements provide the Trustee with consent to sell the Property.  For these reasons, the Trustee requests that the Court enter an order pursuant to Federal Rule of Bankruptcy Procedure ("FRBP") 9019 authorizing the Trustee to enter into the Agreements and approving the Agreements.

---

[1] The VEDC Trust was created pursuant to the Second Amended Liquidating Plan (Dated February 19, 2020), as Modified ("VEDC Plan") confirmed in the chapter 11 bankruptcy case of Valley Economic Development Center, Inc. ("VEDC") filed in the United States Bankruptcy Court for the Central District of California, San Fernando Valley Division, Case No. 1:19-bk-11629-DS.

## II.    **STATEMENT OF FACTS**

On January 27, 2020 ("Petition Date"), the Debtors filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code commencing the above-captioned bankruptcy case no. 8:20-bk-10268-TA ("Case").  On the same day, Richard A. Marshack was appointed Chapter 7 trustee.

On January 27, 2020, the Debtors filed a voluntary petition under chapter 7 of the Bankruptcy Code.

The Trustee is the duly appointed chapter 7 trustee in the Case.

In their Schedule A/B, the Debtors list an ownership interest in the Property.  The Trustee has received an offer to purchase the Property for $2,860,000.00.  Schedule D and the Trustee's books and records reflect the Property is encumbered by the following secured claims:

- a lien held by Shellpoint Mortgage Servicing to secure a claim of approximately $1,650,243.80;
- a lien held by First Choice Bank to secure a claim of approximately $150,000.00;
- a lien held by Comerica to secure a claim of approximately $449,325.00;
- a lien held by VEDC to secure a claim of approximately $425,000.00;
- a lien held by the Internal Revenue Service to secure a claim of approximately $104,035.00;
- a lien held by the Orange County Treasurer to secure a claim of $29,914.00; and
- a judgment lien in favor of in the approximate amount of $173,808.00.

The Debtors' Schedule C asserts that the Debtors have claimed an exemption of $175,000.00 against the Property ("Exemption").

Comerica holds a third position deed of trust asserted against the Property ("Third DoT").

1  VEDC held a fourth position deed of trust asserted against the Property ("Fourth

2  DoT") securing, among other things, a loan made by VEDC to World Class Exotics, which

3  was guaranteed by Fariborz Zanjanee Babaee and Malihe P. Babaee ("WCE Guarantee"),

4  and the WCE Guarantee. CNB held a lien against certain assets of VEDC, including a

5  promissory note/promissory notes and a guarantee secured by the Fourth DoT asserted

6  against the Property. The VEDC Plan, which was confirmed by the bankruptcy court in

7  VEDC's bankruptcy case by order entered on April 16, 2020, took effect on May 1, 2020.

8  Pursuant to the Plan, a Liquidating Trust was created and VEDC transferred all right, title

9  and interest of VEDC and VEDC's bankruptcy estate in property and assets of VEDC,

10  including the Fourth DoT, to the Liquidating Trust.

11  In order to induce the Trustee to administer the Estate and distribute funds to

12  creditors, the Trustee has entered into separate agreements with (1) Comerica, and

13  (2) CNB and the Liquidating Trust regarding a conditional sale of the Property, subject to

14  Court approval of the Agreements and the underlying sale.

15  **III.    TERMS OF PROPOSED SETTLEMENTS**

16  **A.    Comerica Agreement**

17  The Trustee and Comerica desire to resolve their differences with respect to the

18  Property, the Third DoT, and the conditional sale of the Property.  Therefore, they have

19  entered into the Comerica Agreement, a copy of which is attached as **Exhibit 1**.  The

20  salient terms of the Comerica Agreement provide[2]:

21  1.    Bankruptcy Court Approval.  Section 1 of the Comerica Agreement

22  will be effective and binding upon the Trustee and Comerica upon

23  execution.  The remainder of the Comerica Agreement shall become

24  effective and binding only upon entry by the Court of a Final Order

25  approving the Comerica Agreement and authorizing the Trustee to

26  _____

27  [2] Parties are advised to consult the Comerica Agreement for all terms and conditions.

28

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

1336879.1

MOTION

enter into the Comerica Agreement.  Absent entry of a Final Order,
the Comerica Agreement shall be null and void.

2.  Subordination of the Third DoT.  Pursuant to 11 U.S.C. § 510(c)(1), Comerica agrees to subordinate all but $410,000 of the Third DoT to the claims of the Trustee, his professionals, and general unsecured creditors of the Debtors' estate.  The remainder of the Third DoT shall retain the same validity, priority, and extent that would otherwise exist under California law.

3.  Transfer of Lien.  Pursuant to 11 U.S.C. § 510(c)(2), the lien securing the subordinated portion of the Third DoT shall be transferred to the Estate with the Estate receiving all associated rights held by Comerica as to the subordinated portion of the Third DoT.

4.  Payments from Escrow.  Comerica and the Trustee shall provide a copy of the Agreement to any escrow company involved with any sale of the Property.  After a sale of the Property, the full amount of the Third DoT, or approximately $478,330.18 shall be set aside.  From this amount set aside, $410,000.00 shall be distributed to Comerica and the remainder (approximately $39,325) will be paid to the Estate.

5.  Limited Mutual Release.  Releases are as specifically provided in the Comerica Agreement.

6.  Comerica's Consent to Sale of the Collateral.  In exchange for payment of $410,000.00 to Comerica from the sale of the Property, Comerica consents to the Trustee's sale of the Property free and clear of any liens, claims or encumbrances of Comerica, with any such liens, claims or encumbrances to attach to the proceeds of such sale ("Sale Proceeds") in the same validity, priority and extent, subject to the payments set forth in Section 2 of the Agreement.

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

1336879.1

MOTION

1    Comerica further waives any right to credit bid for the Property,

2    including, pursuant to 11 U.S.C. § 363(k).

3    **B.    VEDC Agreement**

4    The Trustee, CNB and the Liquidating Trust desire to resolve their differences with

5    respect to the Property, the Fourth DoT, and the conditional sale of the Property.

6    Therefore, they have entered into the VEDC Agreement, a copy of which is attached as

7    **Exhibit 2**. The salient terms of the VEDC Agreement provide[3]:

8        1.    Bankruptcy Court Approval. Section 1 of the VEDC Agreement will

9            be effective and binding upon the Trustee, CNB and the Liquidating

10           Trust upon execution. The remainder of the VEDC Agreement shall

11           become effective and binding only upon entry by the Court of a Final

12           Order approving the VEDC Agreement and authorizing the Trustee to

13           enter into the VEDC Agreement. Absent entry of a Final Order, the

14           VEDC Agreement shall be null and void.

15       2.    Subordination of the Fourth DoT. Upon receipt by CNB of $191,000

16           from the sale of the Property that is conducted by the Trustee, CNB

17           agrees to subordinate the remaining $234,000.00 of its interest in the

18           Fourth DoT ("Subordinated Portion") to the claims of the Trustee, his

19           professionals, and general unsecured creditors of the Debtors' Estate

20           pursuant to 11 U.S.C. § 510(a). CNB shall apply the $191,000.00 it

21           receives pursuant to this Agreement in accordance with the terms of

22           CNB's Settlement Agreement with the Liquidating Trust.

23       3.    Transfer of Lien. The lien securing the Subordinated Portion shall be

24           transferred to the Estate with the Estate receiving all associated rights

25           held by CNB as to the subordinated portion of the Fourth DoT.

26   _____

27   [3] Parties are advised to consult the VEDC Agreement for all terms and conditions.

28

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000 · Fax 714-966-1002

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

4.    <u>Payments from Escrow</u>.  CNB and the Trustee shall provide a copy of the Agreement to any escrow company involved with any sale of the Property.  After a sale of the Property, the full amount of the Fourth DoT, or approximately $425,000.00 ("CNB/VEDC Proceeds"), shall be set aside.  From the CNB/VEDC Proceeds, the first $191,000.00 shall be distributed to CNB and shall be applied to the claim CNB has asserted against VEDC in VEDC's bankruptcy case in accordance with the terms of CNB's Settlement Agreement with the Liquidating Trust, and the remainder (approximately $234,000) shall be distributed to the Trustee.

5.    <u>Limited Mutual Release</u>.  Releases are as specifically provided in the VEDC Agreement.

6.    <u>CNB and Liquidating Trust's Consent to Sale of the Collateral</u>.  CNB and the Liquidating Trust consent to the Trustee's sale of the Property free and clear of any liens, claims or encumbrances of CNB and VEDC, with any such liens, claims or encumbrances to attach to the proceeds of such sale ("Sale Proceeds") in the same validity, priority and extent, subject to the payments set forth in Section 2 of the Agreement.  CNB, VEDC and/or the Liquidating Trust further waive any right to credit bid for the Property, including, pursuant to 11 U.S.C. § 363(k).

## IV.    MEMORANDUM OF POINTS AND AUTHORITIES

### A.    Standard for Approving a Settlement Pursuant to Federal Rule of Bankruptcy Procedure 9019(a)

Federal Rule of Bankruptcy Procedure 9019(a) provides:

> On motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement.  Notice shall be given to creditors, the United States Trustee, the debtor, and indenture trustees as provided in Rule 2002 and to any other entity as the court may direct.

1336879.1

7

MOTION

1   The standard to be applied to the approval of a settlement includes the probability

2   of success of any litigation, the difficulties in collection on a judgment, the complexity of

3   the matter, the expense, inconvenience or delay occasioned by resolution through

4   litigation, and interests of creditors, and the reasonableness of the compromise.  *See In re*

5   *A&C Properties,* 784 F.2d 1377, 1380-81 (9th Cir. 1986), *cert. den., Martin v. Robinson,*

6   479 U.S. 854, 107 S.Ct. 189 (1989).  Although the court is to consider the range of results

7   in litigation, "the court's assessment does not require resolution of the issues, but only

8   their identification, so that the reasonableness of the settlement may be evaluated."  *In re*

9   *Hermitage Inn, Inc.,* 66 B.R. 71, 72 (Bankr. D. Colo. 1986).

10   In ruling on a proposed compromise, a bankruptcy court should give substantial

11   weight to the trustee's views as to the merits of the compromise and settlement, and

12   should not substitute its own judgment for that of the trustee.  *See In re Blair,* 538 F.2d

13   849, 851 (9th Cir. 1976); *see also In re Calra Leather, Inc.*, 44 B.R. 457, 466 (Bankr.

14   S.D.N.Y. 1984).  Nor does the Court need to conduct an extensive investigation into the

15   merits of the claims that the parties seek to settle.  *See In re Walsh Const., Inc.*, 669 F.2d

16   1325, 1328 (9th Cir. 1982).  Rather, the court should "canvass the issues and see whether

17   the settlement 'fall[s] below the lowest point in the range of reasonableness.'"  *In re W.T.*

18   *Grant*, 699 F.2d 599, 608 (2d Cir. 1982); *see also In re Bell & Beckwith*, 87 B.R. 472, 474

19   (N.D. Ohio 1987).  Consideration must also be given to the principle that the law favors

20   compromise and not litigation for its own sake.  *See Blair*, 538 F.2d at 851.

21   1.    **Probability of Success in Litigation**

22   The Agreements resolve all of the disputes relating to the Liens, including all

23   disputes as to the extent, amount and validity of the Liens.  Although the Trustee may

24   have ultimately prevailed in any action challenging the Liens, the outcome of litigation is

25   always uncertain.  And if the Trustee was unsuccessful, he would be unable to sell the

26   Property.  This factor weighs in favor of approving the Agreements.

27

28

1336879.1                                 8                                MOTION

**Weiland Golden Goodrich LLP**
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000 · Fax 714-966-1002

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000 · Fax 714-966-1002

2.    **Difficulties of Collection on a Judgment**

If the Trustee succeeds in any challenge to the Liens, the Trustee may be able to liquidate the Property so long as a significant portion of the Liens are avoided and recovered by the Trustee.  Without a meaningful recovery to be distributed to unsecured creditors, a sale could be rejected by the approved by the Court.  *See In re KVN Corp.*, 514 B.R. 1 (9th Cir. BAP 2014).  Because the Agreements provide for the transfer of significant portions of the Liens to the Trustee for the benefit of unsecured creditors of the Estate and give the Trustee consent to sell the Property free and clear of the Liens, this factor weigh in favor of approval.

3.    **Complexity of the Matter**

Any action pertaining to the Liens will not necessarily be complex.  This factor does not weigh in favor of approval.

4.    **Inconvenience of the Delay/Best Interest of Creditors**

Absent the Agreements, creditors will not receive a distribution in this case. Approval of the Agreements is in the best interest of creditors because the Estate will share in the proceeds generated from the Trustee's planned sale of the Property. Moreover, the Agreements will greatly reduce the time and expense the Estate will incur in any challenge to the Liens.  In short, the proposed Agreements provide a mechanism for the Estate to realize cash from the Property which is over encumbered, in a manner that is cost-effective and expedient.  This factor weighs in favor of approval.

5.    **The Agreements are Fair and Reasonable and in the Best Interest of the Debtor and Creditors**

Under the Agreements, the Liens are resolved and transferred to the Estate.  By transferring the subordinated portion of the Liens to the Trustee, the Estate holds liens that are superior to the tax and judgment liens.  Additionally, the recovered liens must be paid before the Debtors' exemption.  Without the Agreements, the Property is over encumbered and subject to the Debtors' claim of exemption.  *See* Marshack Declaration.

1    The Trustee believes the proposed Agreements are in the best interest of the

2 Estate and its creditors, are fair and reasonable and a valid exercise of the Trustee's

3 reasonable business judgment.  Further, the Agreements were entered into in good faith

4 and were negotiated at arms' length.  Accordingly, the Trustee requests that the

5 Bankruptcy Court enter an order pursuant to Bankruptcy Rule 9019 authorizing the

6 Trustee to enter into the Agreements and approving the terms of the Agreements as

7 agreed upon by the Parties.

8    **B.    The Motion is Appropriate Without a Hearing**

9    Local Bankruptcy Rule 9013-1(o)(1) provides that:

10    Except as to matters specifically noted in paragraph (o)(2)
   below, and as otherwise ordered by the court, any matter that
11    may be set for hearing in accordance with LBR 9013-1 may be
   determined upon notice of opportunity to request a hearing . . .
12

13    The approval of the Motion without a hearing pursuant to the procedure established

14 by Local Bankruptcy Rule 9013-1(o) is appropriate because it provides notice and

15 opportunity for a hearing to all creditors and parties entitled to notice and it reduces costs

16 to the Estate by alleviating the need for an appearance in court.  The Trustee does not

17 anticipate any opposition to this Motion.

18 **V.    CONCLUSION**

19    Based on the foregoing, the Debtor respectfully requests that this Court enter an

20 order granting the Motion as follows:

21    1.    Finding that notice of the Motion is proper and adequate;

22    2.    Approving the terms of the Comerica Agreement, a copy of which is

23 attached as **Exhibit 1**, and authorizing the Trustee to enter into the Comerica Agreement;

24    3.    Approving the terms of the VEDC Agreement, a copy of which is attached as

25 **Exhibit 2**, and authorizing the Trustee to enter into the VEDC Agreement;

26    4.    Authorizing the Trustee to execute any documents or take any actions

27 reasonably necessary to effectuate the terms of the Agreements; and

28

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000 · Fax 714-966-1002

1      5.     Granting such other and further relief as the Court may deem just and

2   proper.

3                                        Respectfully submitted,

4   Dated:  August 17, 2021              WEILAND GOLDEN GOODRICH LLP

5

6                                 By:    /s/ David M. Goodrich
                                        DAVID M. GOODRICH
7                                        Attorneys for Chapter 7 Trustee Richard A.
                                        Marshack

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

1336879.1                              11                              MOTION

1

## DECLARATION OF RICHARD A. MARSHACK[4]

2

3      I, Richard A. Marshack, declare as follows:

4      1.      I am the duly appointed Chapter 7 Trustee for the bankruptcy estate of

5  Fariborz Zanjanee Babaee and Malihe P. Babaee.  I know each of the following facts to

6  be true of my own personal knowledge, except as otherwise stated and, if called as a

7  witness, I could and would competently testify with respect thereto.  I make this

8  declaration in support of the *Motion for Order Approving Compromise of Controversy*

9  *Pursuant to Federal Rule of Bankruptcy Procedure 9019.*

10     2.      True and correct copies of the proposed Agreements are attached as

11  Exhibits 1 and 2.

12     3.      I believe the proposed Agreements are fair and reasonable, in the best

13  interest of the Debtors, the Estate and its creditors, and within my sound business

14  judgment, for the reasons stated in the Motion.

15     4.      The proposed settlements were entered into in good faith and were

16  negotiated at arms' length.

17     I declare under penalty of perjury that the foregoing is true and correct.

18     Executed on this ___ day of August, 2021, at Toronto Airport, Canada

19

20                                                 Richard A. Marshack

21

22

23

24

25

26  _____

27  [4] All capitalized terms have the same meaning or definition as the capitalized terms in the Motion.

28

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

# EXHIBIT 1

## SETTLEMENT AGREEMENT

This Agreement (the "Agreement") is made, executed and entered into effective as of July ___, 2021 (the "Execution Date"), by and between:

Richard A. Marshack (the "Trustee"), solely in his capacity as the chapter 7 trustee of the bankruptcy estate ("Estate") of Fariborz Zanjanee Babaee and Malihe P. Babaee (each a "Debtor" and collectively, the "Debtors"), in the bankruptcy case ("Bankruptcy Case") filed in the United States Bankruptcy Court for the Central District of California, Santa Ana Division ("Bankruptcy Court"), as Case No. 8:20-bk-10268-TA, and Comerica Bank ("Comerica") (each, a "Party", and collectively, the "Parties") with regard to the following facts, circumstances, understandings and beliefs (collectively, the "Recitals"):

## RECITALS

A.      On January 27, 2020, the Debtors filed a voluntary petition under chapter 7 of the Bankruptcy Code.

B.      The Trustee is the duly appointed chapter 7 trustee in the Bankruptcy Case.

C.      In their Schedule A/B, the Debtors list an ownership interest in real property located at 508 Westminster Ave., Newport Beach, California 92663 ("Property").  The Trustee has received an offer to purchase the Property for $2,860,000. Schedule D reflects the Property is encumbered by the following secured claims:

- a lien held by Shellpoint mortgage Servicing to secure a claim of $1,492,972.00;
- a lien held by First Choice Bank to secure a claim of $150,000.00;
- a lien held by Comerica Bank to secure a claim of $449,325.00;
- a lien held by Valley Economic Development Center to secure a claim of $425,000.00;
- a lien held by the Internal Revenue Service to secure a claim of $104,035.00; and
- a lien held by the Orange County Treasurer to secure a claim of $29,914.00.

D.      Debtors voluntarily liened the Property for more than its value.

E.      The Debtors Schedule C asserts that the Debtors have claimed an exemption of $175,000 against the Property ("Exemption").

F.      Comerica holds a third position deed of trust asserted against the Property ("Third DoT").

G.      Nothing herein shall be construed as an admission of the Trustee as to the validity, extent, priority, amount, enforceability, or allowance of the Third DoT.  The Trustee reserves the right to object to or otherwise dispute the validity, extent, priority, amount, enforceability, or allowance of the Third DoT. The Trustee reserves any and all rights with respect to the Third DoT. The Trustee also reserves the right to review, and if necessary, challenge any other lien asserted against the Property.

1187980.1

EXHIBIT 1      PAGE 13

H.      In order to induce the Trustee to proceed with the administration of the Estate and distribute funds to creditors, the Parties have entered into this agreement whereby Comerica has agreed to a conditional sale of the Property, subject to Court approval of this Agreement and the underlying sale.

## AGREEMENT

**NOW THEREFORE**, pursuant to the foregoing Recitals, in consideration of the obligations, conditions, agreements, covenants, warranties and representations contained in this Agreement, and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, and subject to the terms, provisions and conditions of this Agreement, the Parties, intending to be legally bound by this Agreement, hereby covenant, agree, warrant, represent and declare as follows:

## SECTION 1
## BANKRUPTCY COURT APPROVAL

1.1     **Requirement for Bankruptcy Court Approval.**  Section 1 of this Agreement will be effective and binding upon the Parties immediately upon the execution of this Agreement by the Parties.  The other Sections of this Agreement will become effective and binding upon the Parties only when the Approval Order (defined below) is entered.

1.2     **Obligation to Seek Bankruptcy Court Approval.**  The Trustee may, in his sole discretion, file a motion with the Bankruptcy Court seeking an order (the "Approval Order") approving this Agreement.  Absent a stay pending any appeal of the Approval Order, the Parties will consummate and effectuate the transaction contemplated pursuant to this Agreement notwithstanding any appeal of the Approval Order.

1.3     **No Inconsistent Action.**  No Party will take any action inconsistent with this Agreement pending either the entry of the Approval Order and the Approval Order becoming final.

## SECTION 2
## SUBORDINATION

2.1     **Subordination of the Third DoT.**  Pursuant to 11 U.S.C. § 510(c)(1), Comerica agrees to subordinate all but $410,000 of the Third DoT to the claims of the Trustee, his professionals, and general unsecured creditors of the Debtors' estate. The remainder of the Third DoT shall retain the same validity, priority, and extent that would otherwise exist under California law.

2.2     **The Lien Securing the Subordinated Portion of the Third DoT Shall be Transferred to the Estate**. Pursuant to 11 U.S.C. § 510(c)(2), the lien securing the subordinated portion of the Third DoT shall be transferred to the Estate with the Estate receiving all associated rights held by Comerica as to the subordinated portion of the Third DoT.

2.3     **Payments from Escrow**. The Parties shall provide a copy of the Agreement to any escrow company involved with any sale of the Property. After a sale of the Property, the full amount of

1187980.1
EXHIBIT 1    PAGE 14

the Third DoT, or approximately $478,330.18 shall be set aside. From this amount set aside, $410,000.00 shall be distributed to Comerica and the remainder will be paid to the Estate.

2.4    **Limited Mutual Release**. Except for the rights and obligations of the Parties arising out of this Agreement, all Parties release, acquit, and forever discharge each other as well as their respective past and present directors, officers, shareholders, subsidiaries, parents, affiliates, divisions, agents, servants, employees, attorneys, insurers, representatives, assigns, successors, and predecessors in interest from any and all past, present, and future claims of every kind, type and description, known or unknown, direct or consequential, foreseen or unforeseen, which have been, could have been, or may be asserted by and between the Parties with regard to the Third DoT and the validity of the Third DoT.

## SECTION 3
## SALE OF THE COLLATERAL

3.1    **Comerica's Consent to Sale of the Collateral.**  In exchange for payment of $410,000 to Comerica from the sale of the Property, Comerica hereby consents to the Trustee's sale of the Property free and clear of any liens, claims or encumbrances of Comerica, with any such liens, claims or encumbrances to attach to the proceeds of such sale (the "**Sale Proceeds**") in the same validity, priority and extent, subject to the payments set forth in Section 2 of this Agreement. Comerica further waives any right to credit bid for the Property, including, pursuant to 11 U.S.C. § 363(k).

## SECTION 4
## WARRANTIES AND REPRESENTATIONS

4.1    **No Prior Assignment or Transfer.**  Comerica represents and warrants that it is the holder of all the beneficial interests in the Third DoT, and that it has not sold, assigned, pledged, encumbered, compromised, waived or surrendered its beneficial interest in the Third DoT.

4.2    **Legal Capacity.**  Each Party represents and warrants that: (a) subject to entry of the Approval Order, it has the requisite power, authority and legal capacity to make, execute, enter into and deliver this Agreement and to perform its obligations under this Agreement; (b) any person executing and delivering this Agreement on behalf of such Party is duly authorized to do so; and (c) neither this Agreement nor the performance of this Agreement will violate any provision of any article, by-law, contract, covenant, agreement, condition, restriction, injunction or order by which such Party is bound.  The Trustee, however, shall not be bound by the Agreement unless and until the Bankruptcy Court approves this Agreement, should it approve it at all.

## SECTION 5
## GENERAL PROVISIONS

5.1    **Conventions & Definitions.**  This Agreement adopts and incorporates the following conventions and definitions:

(a)    The word "**claim**" or "**claims**" shall have meaning set forth in 11 U.S.C. §101(5).

1187980.1

EXHIBIT 1    PAGE 15

(b)     The words "**will**" and "**shall**" mean "**must**" and connote a binding duty and obligation, rather than a mere expression of intent.

(c)     The words "**include**", "**includes**" and "**including**" always will be deemed to be immediately followed by the words "**without limitation**".

(d)     The word "**person**" will be construed and interpreted broadly to mean and include human beings, trusts, estates, corporations, limited liability companies, partnerships, joint ventures, labor unions, governmental entities and agencies, unincorporated associations, and other entities.

(e)     Unless otherwise stated, all references to "**days**" will mean calendar days, and all references to "**years**" will mean calendar years.

(f)     All references to "**Dollars**" or "**$**" will mean United States currency.

(g)     Unless contrary to the intent of the Parties as manifested by this Agreement, words or phrases denoting the singular will include the plural, words or phrases denoting the plural will include the singular, and words or phrases denoting gender will include all genders including masculine, feminine and neuter.

(h)     A reference to any Party or any party to any other contract or document will include such person's successors and permitted assigns.

(i)     A reference to any legislation will include any replacement, substitution, modification or re-enactment of such legislation and all regulations, rules and statutory instruments issued pursuant to such legislation.

5.2     **Advice of Counsel.**  Each Party represents and warrants that it acted pursuant to the advice of independent legal counsel of its own choosing in connection with the negotiation, preparation and execution of this Agreement, or that it was advised to obtain the advice of such legal counsel, had ample opportunity to obtain the advice of such legal counsel, and willfully declined to obtain the advice of such legal counsel.

5.3     **Further Assurances.**  Each Party will promptly execute and deliver any and all additional documents and take all additional steps which may be necessary to consummate and effectuate this Agreement and perform its obligations hereunder.

5.4     **Waiver.**  No waiver of any provision of the Agreement shall constitute or be deemed to have constituted a waiver of any other provisions, whether or not similar, nor shall any waiver constitute a continuing waiver.  No waiver shall be binding unless executed by the Party making the waiver.

5.5     **Failure or Delay Not a Waiver.**  No failure or delay on the part of any Party to exercise or enforce any right or provision hereunder, nor any other indulgence of such Party, shall constitute or operate as a waiver of such right or provision or any other rights or provisions hereunder, nor shall any single exercise by any Party of any right hereunder preclude any other or further exercise

1187980.1

EXHIBIT 1    PAGE 16

thereof.  The rights and remedies herein provided are cumulative and not exclusive of any right or remedies provided by law.

5.6    **Modification.**    The Agreement shall not be modified by any of the Parties by oral representation made before or after the execution of the Agreement.  No person has the authority to orally modify this Agreement, or make any oral representation regarding this Agreement.  No modification of, deletion from, or addition or amendment to this Agreement will be effective unless made in writing and executed by the Party to be bound thereby.  No person has the authority to orally modify this Agreement, or make any oral representation regarding this Agreement.

5.7    **Integration.**    This Agreement contains the entire understanding between the Parties relating to the transactions and matters contemplated hereby and all prior or contemporaneous discussions, negotiations, agreements, term sheets, understandings, representations and statements between the Parties, oral or written, are superseded and merged herein and shall be of no further force or effect.

5.8    **Construction.**    The terms and provisions of this Agreement will be liberally construed to effectuate intent of the Parties as reasonably manifested by this Agreement.  Article and Section headings are for convenience only and will not be given undue consideration in resolving questions of construction or interpretation.  Each Party will be deemed to have had equal bargaining strength in the negotiation of this Agreement and equal responsibility for preparing this document and any exhibits or schedules hereto, such that neither this document, nor any exhibit or schedule hereto, nor uncertainty or ambiguity in this document or any such exhibit or schedule, will be arbitrarily construed or resolved against any Party pursuant to California Civil Code Section 1654 or any other similar authority or rule of construction to the effect that ambiguities in documents are to be construed against the drafter.

5.9    **Inurement.**    Subject to the conditions and limitations set forth in this Section, this Agreement will inure to the benefit of and be binding upon the Parties and their respective successors, assigns, grantees, administrators and trustees, including any successor trustee appointed in the Bankruptcy Case.

5.10    **Severability.**    If any provision of this Agreement is held by any court of competent jurisdiction to be illegal, invalid or unenforceable for any reason, then the remaining portions of this Agreement will nonetheless remain in force and effect, unless the portion of this Agreement found to be illegal, invalid or unenforceable is so material and significant that its deletion would violate the obvious primary purpose and intent of the Parties.

5.11    **Survival.**    Any outstanding liabilities incurred or unsatisfied obligations required to have been performed prior to any expiration or termination of this Agreement will survive any such expiration or termination.

5.12    **Counterparts and Electronic Signatures.**    This Agreement may be executed in any number of identical counterparts, each of which will be deemed an original, and all of which together will constitute one and the same agreement.  A facsimile or electronic signature shall constitute an original signature.  The delivery of an executed counterpart of a signature page to this Agreement by electronic mail (email), electronic facsimile transmittal (fax), telecopy or other commonly recognized electronic means will be as effective as the physical delivery of an executed

1187980.1

EXHIBIT 1    PAGE 17

counterpart of this Agreement.  When counterparts have been executed by all the Parties hereto, this Agreement shall become effective, and the counterparts shall together constitute one document.

5.13   **Governing Law, Jurisdiction and Venue.**  This Agreement is made under and will be construed in accordance with and governed by the substantive laws of the State of California, without giving effect to the principles of conflicts of law.  The Parties consent to the exclusive jurisdiction of the Bankruptcy Court and to venue in Orange County, California, for the purpose of resolving any claim, controversy or disagreement which may arise among the Parties with regard to this Agreement; provided, however, that: (a) if the Bankruptcy Court declines to exercise such jurisdiction, then the courts of the State of California will have such jurisdiction; and (b) nothing in this Section will constitute a waiver by any Party of the right to appeal any decision or action of the Bankruptcy Court or any such State court.  It will be a material breach of this Agreement to seek to resolve any such claim, controversy or disagreement in any other court or forum.

THE UNDERSIGNED PARTIES made, executed, entered into and delivered this Agreement on the Execution Date.

**Comerica Bank:**

By: _John P Marecki_

John P Marecki

Digitally signed by: John P Marecki
DN: CN = John P Marecki email = jpmarecki@comerica.com C = US O = Comerica Bank OU = Vice President
Date: 2021.07.19 09:51:32 -04'00'

Its: _Vice President_

**Trustee:**

_____

Richard A. Marshack,
Chapter 7 Trustee

1187980.1

EXHIBIT 1    PAGE 18

# EXHIBIT 2

## SETTLEMENT AGREEMENT

This Agreement (the "Agreement") is made, executed and entered into effective as of August ___, 2021 (the "Execution Date"), by and between:

Richard A. Marshack (the "Trustee"), solely in his capacity as the chapter 7 trustee of the bankruptcy estate ("Estate") of Fariborz Zanjanee Babaee and Malihe P. Babaee (each a "Debtor" and collectively, the "Debtors"), in the bankruptcy case ("Bankruptcy Case") filed in the United States Bankruptcy Court for the Central District of California, Santa Ana Division ("Bankruptcy Court"), as Case No. 8:20-bk-10268-TA, City National Bank ("CNB"), and the VEDC Trust ("Liquidating Trust", and together with the Trustee and CNB, each a "Party", and collectively, the "Parties") created pursuant to the Second Amended Liquidating Plan (Dated February 19, 2020), As Modified (the "VEDC Plan") confirmed in the chapter 11 bankruptcy case of Valley Economic Development Center, Inc. ("VEDC") filed in the United States Bankruptcy Court for the Central District of California, San Fernando Valley Division, Case No. 1:19-bk-11629-DS, with regard to the following facts, circumstances, understandings and beliefs (collectively, the "Recitals"):

## RECITALS

A.    On January 27, 2020, the Debtors filed a voluntary petition under chapter 7 of the Bankruptcy Code.

B.    The Trustee is the duly appointed chapter 7 trustee in the Bankruptcy Case.

C.    In their Schedule A, Debtors list ownership interest in real property located at 508 Westminster Ave., Newport Beach, California 92663 ("Property").  Based upon Schedule D and the Trustee's books and records, the Property is encumbered by the following secured claims:

- a lien held by Shellpoint mortgage Servicing to secure a claim of $1,650,243.80;
- a lien held by First Choice Bank to secure a claim of $150,000.00;
- a lien held by Comerica Bank to secure a claim of $410,000.00;
- a lien held by VEDC to secure a claim of $425,000.00;
- a lien held by the Internal Revenue Service to secure a claim of [$104,035.00]; and
- a lien held by the Orange County Treasurer to secure a claim of [$29,914.00].

D.    The Debtors Schedule C asserts that the Debtors have claimed an exemption of $175,000 against the Property ("Exemption").

E.    VEDC held a fourth position deed of trust asserted against the Property ("Fourth DoT") securing, among other things, a loan made by VEDC to World Class Exotics, which was guaranteed by Fariborz Zanjanee Babaee and Malihe P. Babaee (the "WCE Guarantee"), and the WCE Guarantee.

F.    CNB held a lien against certain assets of VEDC, including a promissory note/promissory notes and a guarantee secured by the Fourth DoT asserted against the Property.

1187980.1
18939243.6
014342-10160

EXHIBIT 2    PAGE 19

G.      The VEDC Plan, which was confirmed by the bankruptcy court in VEDC's bankruptcy case by order entered on April 16, 2020, took effect on May 1, 2020.  Pursuant to the Plan, the Liquidating Trust was created and VEDC was conclusively deemed to have irrevocably transferred, absolutely assigned, conveyed, set over and delivered all right, title and interest of VEDC and VEDC's bankruptcy estate in property and assets of any kind, including, without limitation, the Fourth DoT, to the Liquidating Trust.

H.      On or about July 7, 2020, the Bankruptcy Court in VEDC's bankruptcy case entered an order approving that certain *Settlement Agreement* between the Liquidating Trust and CNB, pursuant to which The Liquidating Trustee and CNB agreed that (1) the Liquidating Trust's interest in the proceeds of the WCE Guarantee shall be and is assigned to CNB; (2) the Liquidating Trust shall not claim an interest in the proceeds of the WCE guarantee and (3) the Liquidating Trust shall cooperate with CNB to assist CNB in obtaining a recovery on account thereof in the Bankruptcy Case (but in no event did the Liquidating Trust guarantee that CNB will obtain a recovery in the Bankruptcy Case).

I.      On July 13, 2020, VEDC, the Liquidating Trust and CNB each respectively filed proofs of claims in the Bankruptcy Case with respect to the WCE Guarantee and Fourth DoT and as otherwise set forth in those proofs of claims, designated on the Bankruptcy Court's claim register as Claim Nos. 27, 28 and 29, each asserting secured claims in the amount of $465,578.19.

J.      In order to induce the Trustee to proceed with the administration of the Estate and distribute funds to creditors, the Parties have entered into this agreement whereby CNB and the Liquidating Trust have agreed to a conditional sale of the Property, subject to Court approval of this Agreement and the underlying sale.

## AGREEMENT

**NOW THEREFORE**, pursuant to the foregoing Recitals, in consideration of the obligations, conditions, agreements, covenants, warranties and representations contained in this Agreement, and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, and subject to the terms, provisions and conditions of this Agreement, the Parties, intending to be legally bound by this Agreement, hereby covenant, agree, warrant, represent and declare as follows:

## SECTION 1
## BANKRUPTCY COURT APPROVAL

1.1    **Requirement for Bankruptcy Court Approval.**  Section 1 of this Agreement will be effective and binding upon the Parties immediately upon the execution of this Agreement by the Parties.  The other Sections of this Agreement will become effective and binding upon the Parties only when the Approval Order (defined below) is entered.

1.2    **Obligation to Seek Bankruptcy Court Approval.**  The Trustee will file a motion with the Bankruptcy Court seeking an order (the "Approval Order") approving this Agreement.  Absent a stay pending any appeal of the Approval Order, the Parties will consummate and effectuate the transaction contemplated pursuant to this Agreement notwithstanding any appeal of the Approval Order.

Page 2

1.3    **No Inconsistent Action.**  No Party will take any action inconsistent with this Agreement pending either the entry of the Approval Order and the Approval Order becoming final.

## SECTION 2
## SUBORDINATION

2.1    **Subordination of the Fourth DoT.**  Upon receipt by CNB of $191,000 from the sale of the Property that is conducted by the Trustee, CNB agrees to subordinate the remaining $234,000.00 of its interest in the Fourth DoT (the "Subordinated Portion") to the claims of the Trustee, his professionals, and general unsecured creditors of the Debtors' Estate pursuant to 11 U.S.C. § 510(a).  CNB shall apply the $191,000 it receives pursuant to this Agreement in accordance with the terms of CNB's Settlement Agreement with the Liquidating Trust.

2.2    **The Lien Securing the Subordinated Portion of the Fourth DoT Shall be Transferred to the Estate**. The lien securing the Subordinated Portion shall be transferred to the Estate with the Estate receiving all associated rights held by CNB as to the subordinated portion of the Fourth DoT.

2.3    **Payments from Escrow**. CNB and the Trustee shall provide a copy of the Agreement to any escrow company involved with any sale of the Property. After a sale of the Property, the full amount of the Fourth DoT, or approximately $425,000 (the "CNB/VEDC Proceeds"), shall be set aside. From the CNB/VEDC Proceeds, the first $191,000 shall be distributed to CNB and shall be applied to the claim CNB has asserted against VEDC in VEDC's bankruptcy case in accordance with the terms of CNB's Settlement Agreement with the Liquidating Trust, and the remainder shall be distributed to the Trustee.

2.4    **Limited Mutual Release**. Except for the rights and obligations of the Parties arising out of this Agreement, and conditioned upon the $191,000 payment to CNB, all Parties release, acquit, and forever discharge each other as well as their respective past and present directors, officers, shareholders, subsidiaries, parents, affiliates, divisions, agents, servants, employees, attorneys, insurers, representatives, assigns, successors, and predecessors in interest from any and all past, present, and future claims of every kind, type and description, known or unknown, direct or consequential, foreseen or unforeseen, which have been, could have been, or may be asserted by and between the Parties with regard to the WCE Guarantee, Fourth DoT and the validity of the Fourth DoT.

## SECTION 3
## SALE OF THE COLLATERAL

3.1    **CNB's and Liquidating Trust's Consent to Sale of the Collateral.**  CNB and the Liquidating Trust hereby consent to the Trustee's sale of the Property free and clear of any liens, claims or encumbrances of CNB and VEDC, with any such liens, claims or encumbrances to attach to the proceeds of such sale (the "Sale Proceeds") in the same validity, priority and extent, subject to the payments set forth in Section 2 of this Agreement.  CNB, VEDC and/or the Liquidating Trust further waive any right to credit bid for the Property, including, pursuant to 11 U.S.C. § 363(k).

## SECTION 4

Page 3

1187980.1
18939243.6
014342-10160

EXHIBIT 2    PAGE 21

## WARRANTIES AND REPRESENTATIONS

4.1    **No Prior Assignment or Transfer.**  CNB represents and warrants that it is the holder of all the beneficial interests in the Fourth DoT, and that it has not sold, assigned, pledged, encumbered, compromised, waived or surrendered its beneficial interest in the Fourth DoT.

4.2    **Legal Capacity.**  Each Party represents and warrants that: (a) subject to entry of the Approval Order, it has the requisite power, authority and legal capacity to make, execute, enter into and deliver this Agreement and to perform its obligations under this Agreement; (b) any person executing and delivering this Agreement on behalf of such Party is duly authorized to do so; and (c) neither this Agreement nor the performance of this Agreement will violate any provision of any article, by-law, contract, covenant, agreement, condition, restriction, injunction or order by which such Party is bound.  The Trustee, however, shall not be bound by the Agreement unless and until the Bankruptcy Court approves this Agreement, should it approve it at all.

### SECTION 5
### GENERAL PROVISIONS

5.1    **Conventions & Definitions.**  This Agreement adopts and incorporates the following conventions and definitions:

(a)    The word "**claim**" or "**claims**" shall have meaning set forth in 11 U.S.C. 101(5).

(b)    The words "**will**" and "**shall**" mean "**must**" and connote a binding duty and obligation, rather than a mere expression of intent.

(c)    The words "**include**", "**includes**" and "**including**" always will be deemed to be immediately followed by the words "**without limitation**".

(d)    The word "**person**" will be construed and interpreted broadly to mean and include human beings, trusts, estates, corporations, limited liability companies, partnerships, joint ventures, labor unions, governmental entities and agencies, unincorporated associations, and other entities.

(e)    Unless otherwise stated, all references to "**days**" will mean calendar days, and all references to "**years**" will mean calendar years.

(f)    All references to "**Dollars**" or "**$**" will mean United States currency.

(g)    Unless contrary to the intent of the Parties as manifested by this Agreement, words or phrases denoting the singular will include the plural, words or phrases denoting the plural will include the singular, and words or phrases denoting gender will include all genders including masculine, feminine and neuter.

(h)    A reference to any Party or any party to any other contract or document will include such person's successors and permitted assigns.

1187980.1
18939243.6
014342-10160

EXHIBIT 2    PAGE 22

(i)    A reference to any legislation will include any replacement, substitution, modification or re-enactment of such legislation and all regulations, rules and statutory instruments issued pursuant to such legislation.

5.2    **Advice of Counsel.**  Each Party represents and warrants that it acted pursuant to the advice of independent legal counsel of its own choosing in connection with the negotiation, preparation and execution of this Agreement, or that it was advised to obtain the advice of such legal counsel, had ample opportunity to obtain the advice of such legal counsel, and willfully declined to obtain the advice of such legal counsel.

5.3    **Further Assurances.**  Each Party will promptly execute and deliver any and all additional documents and take all additional steps which may be necessary to consummate and effectuate this Agreement and perform its obligations hereunder.

5.4    **Waiver.**  No waiver of any provision of the Agreement shall constitute or be deemed to have constituted a waiver of any other provisions, whether or not similar, nor shall any waiver constitute a continuing waiver.  No waiver shall be binding unless executed by the Party making the waiver.

5.5    **Failure or Delay Not a Waiver.**  No failure or delay on the part of any Party to exercise or enforce any right or provision hereunder, nor any other indulgence of such Party, shall constitute or operate as a waiver of such right or provision or any other rights or provisions hereunder, nor shall any single exercise by any Party of any right hereunder preclude any other or further exercise thereof.  The rights and remedies herein provided are cumulative and not exclusive of any right or remedies provided by law.

5.6    **Modification.**  The Agreement shall not be modified by any of the Parties by oral representation made before or after the execution of the Agreement.  No person has the authority to orally modify this Agreement, or make any oral representation regarding this Agreement.  No modification of, deletion from, or addition or amendment to this Agreement will be effective unless made in writing and executed by the Party to be bound thereby.  No person has the authority to orally modify this Agreement, or make any oral representation regarding this Agreement.

5.7    **Integration.**  This Agreement contains the entire understanding between the Parties relating to the transactions and matters contemplated hereby and all prior or contemporaneous discussions, negotiations, agreements, term sheets, understandings, representations and statements between the Parties, oral or written, are superseded and merged herein and shall be of no further force or effect.

5.8    **Construction.**  The terms and provisions of this Agreement will be liberally construed to effectuate intent of the Parties as reasonably manifested by this Agreement.  Article and Section headings are for convenience only and will not be given undue consideration in resolving questions of construction or interpretation.  Each Party will be deemed to have had equal bargaining strength in the negotiation of this Agreement and equal responsibility for preparing this document and any exhibits or schedules hereto, such that neither this document, nor any exhibit or schedule hereto, nor uncertainty or ambiguity in this document or any such exhibit or schedule, will be arbitrarily construed or resolved against any Party pursuant to California Civil Code Section 1654 or any

1187980.1
18939243.6
014342-10160

EXHIBIT 2    PAGE 23

other similar authority or rule of construction to the effect that ambiguities in documents are to be construed against the drafter.

5.9    **Inurement.**    Subject to the conditions and limitations set forth in this Section, this Agreement will inure to the benefit of and be binding upon the Parties and their respective successors, assigns, grantees, administrators and trustees, including any successor trustee appointed in the Bankruptcy Case.

5.10    **Severability.**    If any provision of this Agreement is held by any court of competent jurisdiction to be illegal, invalid or unenforceable for any reason, then the remaining portions of this Agreement will nonetheless remain in force and effect, unless the portion of this Agreement found to be illegal, invalid or unenforceable is so material and significant that its deletion would violate the obvious primary purpose and intent of the Parties.

5.11    **Survival.**    Any outstanding liabilities incurred or unsatisfied obligations required to have been performed prior to any expiration or termination of this Agreement will survive any such expiration or termination.

5.12    **Counterparts and Electronic Signatures.**    This Agreement may be executed in any number of identical counterparts, each of which will be deemed an original, and all of which together will constitute one and the same agreement.  A facsimile or electronic signature shall constitute an original signature.  The delivery of an executed counterpart of a signature page to this Agreement by electronic mail (email), electronic facsimile transmittal (fax), telecopy or other commonly recognized electronic means will be as effective as the physical delivery of an executed counterpart of this Agreement.  When counterparts have been executed by all the Parties hereto, this Agreement shall become effective, and the counterparts shall together constitute one document.

5.13    **Governing Law, Jurisdiction and Venue.**    This Agreement is made under and will be construed in accordance with and governed by the substantive laws of the State of California, without giving effect to the principles of conflicts of law.  The Parties consent to the exclusive jurisdiction of the Bankruptcy Court and to venue in Orange County, California, for the purpose of resolving any claim, controversy or disagreement which may arise among the Parties with regard to this Agreement; provided, however, that: (a) if the Bankruptcy Court declines to exercise such jurisdiction, then the courts of the State of California will have such jurisdiction; and (b) nothing in this Section will constitute a waiver by any Party of the right to appeal any decision or action of the Bankruptcy Court or any such State court.  It will be a material breach of this Agreement to seek to resolve any such claim, controversy or disagreement in any other court or forum.

[the remainder of this page has been left intentionally blank]

THE UNDERSIGNED PARTIES made, executed, entered into and delivered this Agreement on the Execution Date.

1187980.1
18939243.6
014342-10160

EXHIBIT 2    PAGE 24

**City National Bank:**

By:___*Michael Rosenheck*___
      Mike Rosenheck
      Vice President

**Trustee:**

_____

Richard A. Marshack,
Chapter 7 Trustee

**Liquidating Trust:**

By:_____
     David. K. Gottlieb, solely in his capacity as Liquidating Trustee
     Of the VEDC Trust

1187980.1
18939243.6
014342-10160

EXHIBIT 2     PAGE 25

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

**650 Town Center Drive, Suite 600
Costa Mesa, California 92626**

A true and correct copy of the foregoing document entitled (*specify*): <u>Chapter 7 Trustee's Motion For Order Approving Compromise Of Controversy Pursuant To Federal Rule Of Bankruptcy Procedure 9019; Memorandum Of Points And Authorities; And Declaration Of Richard A. Marshack In Support Thereof</u> will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) <u>August 17, 2021,</u> I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

David M Goodrich    dgoodrich@wgllp.com,
kadele@wgllp.com;lbracken@wgllp.com;wggllp@ecf.courtdrive.com;gestrada@wgllp.com
Christopher J Langley    chris@slclawoffice.com, omar@slclawoffice.com;langleycr75251@notify.bestcase.com
George C Lazar    glazar@foxjohns.com
Richard A Marshack (TR)    pkraus@marshackhays.com,
rmarshack@iq7technology.com;ecf.alert+Marshack@titlexi.com
Donald W Reid    don@donreidlaw.com, ecf@donreidlaw.com
Avi Schild    bk@atlasacq.com
United States Trustee (SA)    ustpregion16.sa.ecf@usdoj.gov
Robert P Zahradka    rzahradka@nationalfunding.com

☐ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) <u>August 17, 2021,</u> I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

Honorable Theodor C. Albert
United States Bankruptcy Court
Central District of California
Ronald Reagan Federal Building and Courthouse
411 West Fourth Street, Suite 5085 / Courtroom 5B
Santa Ana, CA 92701-4593

Malihe Babaee
Fariborz Zanjanee Babaee
508 Westminster Ave.
Newport Beach, CA 92663-4219
Debtors

☒ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) <u>August 17, 2021,</u> I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☒ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 8/17/2021 | Gloria Estrada | *Gloria Estrada* |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*

**F 9013-3.1.PROOF.SERVICE**

**SERVED BY E-MAIL**:

John P. Marecki, Vice President of Comerica Bank - jpmarecki@comerica.com
David K. Gottlieb, Liquidating Trustee of the VEDC Liquidating Trust - dgottlieb@dkgallc.com

**SERVED BY UNITED STATES MAIL**:

John P. Marecki
Vice President
Comerica Bank
1717 Main Street
Dallas, TX 75201

Comerica Bank
Karen O'Nail
Bankruptcy Specialist
Comerica Bank
PO Box 75000, MC 7240
Detroit, MI 48275

City National Bank
Michael Rosenheck
Vice President
555 S. Flower Street
Los Angeles, CA 90071

David K. Gottlieb, Liquidating Trustee
of the VEDC Liquidating Trust
D. Gottlieb & Associates, LLC
16255 Ventura Blvd., Suite 440
Encino, CA 91436

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                **F 9013-3.1.PROOF.SERVICE**