David M. Goodrich, State Bar No. 208675
dgoodrich@wgllp.com
Sonja M. Hourany, State Bar No. 323457
shourany@wgllp.com
**WEILAND GOLDEN GOODRICH LLP**
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Telephone    714-966-1000
Facsimile    714-966-1002

General Counsel for
Richard A. Marshack, Chapter 7 Trustee

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA

# SANTA ANA DIVISION

| | |
|---|---|
| In re<br><br>FARIBORZ ZANJANEE BABAEE AND MALIHE P. BABAEE,<br><br>Debtors. | Case No. 8:20-bk-10268-TA<br><br>Chapter 7<br><br>**OMNIBUS REPLY TO DEBTORS' (1) OPPOSITION TO CHAPTER 7 TRUSTEE'S MOTION FOR ORDER APPROVING COMPROMISE OF CONTROVERSY PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 9019 AND (2) OMNIBUS OPPOSITION TO MOTION TO APPROVE COMPROMISE AND MOTION TO APPROVE SALE**<br><br>DATE:    October 12, 2021<br>TIME:    11:00 a.m.<br>PLACE:    5B<br>             411 West Fourth Street<br>             Santa Ana, CA 92701<br><br>(Hearing will be conducted remotely using ZoomGov audio and video) |

1342132.1                                                                                                                        REPLY

**TABLE OF CONTENTS**

| | | Page |
|---|---|---|
| I. | INTRODUCTION | 2 |
| II. | ARGUMENT REGARDING 9019 MOTION | 4 |
| | A. The Trustee Is Not Required to Demonstrate a Dispute Exists | 4 |
| | B. The Motion Does Not Request the Court Adjudicate Any Exemption Rights the Debtors May Have in Connection with the Property | 6 |
| | C. The Liens Provide Significant, Unencumbered Assets to the Estate | 6 |
| III. | ARGUMENT REGARDING SALE MOTION | 7 |
| | A. "Surcharge" of Exemption | 7 |
| | B. The Property Should be Sold Free and Clear of the Penalty Portion of the IRS Lien | 8 |
| | C. The Sale Will Provide Significant Proceeds to the Estate | 9 |
| | D. The Proposed Sale Satisfies the Requirements of In re KVN | 10 |
| | E. The Proposed Sale Will Generate Significant Funds for Unsecured Creditors | 11 |
| | F. The Debtors' Request That the Court Order Abandonment of the Property is Procedurally Improper | 12 |
| IV. | CONCLUSION | 13 |

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*In re A & C Properties*, 784 F.2d 1377 (9th Cir. 1986) .......................................................... 4

*In re Busick*, 831 F.2d 745 (7th Cir. 1987) ........................................................................... 8

*In re Flores*, 2013 WL 6186262 (Bankr. C.D. Cal. 2013) ....................................................... 5

*In re Hall,* 2010 Lexis 1487 (Bankr. D. Kansas 2010) ............................................................ 5

*In re KVN Corporation,* 514 B.R. 1 (9th Cir. BAP 2014) .............................................. 10, 11, 12

*In re Mickey Thompson Entertainment Group, Inc.*, 292 B.R. 415 (B.A.P. 9th Cir., 2003) .......................................................................................................................... 5

*In re Optin Beal Big.com, LLC*, 345 B.R. 277 (Bankr. D. Colo. 2006) ..................................... 5

*Liberty Tool v. Vortex Fishing Sys. (In Re Vortex Fishing Sys.)*, 277 F.3d 1057 (9th Cir. 2002) ......................................................................................................... 8

*Woodson v. Fireman's Fund Ins. Co. (In re Woodson)*, 839 F.2d 610 (9th Cir. 1988) .......................................................................................................................... 5

**Statutes**

11 U.S.C. § 363 ................................................................................................................... 8

11 U.S.C. § 363(b)(4) .......................................................................................................... 9

11 U.S.C. § 363(f)(4) ........................................................................................................... 8

11 U.S.C. § 507(a)(8) .......................................................................................................... 8

11 U.S.C. § 510(c) .............................................................................................................. 5

11 U.S.C. § 522(c)(2) .......................................................................................................... 6

11 U.S.C. § 550 ................................................................................................................... 8

11 U.S.C. § 551 ................................................................................................................... 8

11 U.S.C. § 554(b) ............................................................................................................ 12

11 U.S.C. § 724(a) ....................................................................................................... 7, 8, 9

11 U.S.C. § 726(a)(4) .......................................................................................................... 8

**Treatises**

*8 Norton Bankruptcy Law & Practice 167:1* (Thompson/West 2009) ................................... 5

**Weiland Golden Goodrich LLP**
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000    Fax 714-966-1002

**TABLE OF AUTHORITIES (cont.)**

**Page(s)**

**Rules**

Federal Rule of Bankruptcy Procedure 9019 ............................................................. 4, 5, 6

Federal Rule of Bankruptcy Procedure 6007(b) ............................................................. 12

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

1342132.1                                      iii                                      REPLY

**TO THE HONORABLE THEODOR C. ALBERT, UNITED STATES BANKRUPTCY JUDGE:**

Richard A. Marshack, Chapter 7 trustee ("Trustee") for the bankruptcy estate ("Estate") of Fariborz Zanjanee Babaee and Malihe P. Babaee ("Debtors"), hereby replies to the Debtors' oppositions to the Trustee's *Motion for Order Approving Compromise of Controversy Pursuant to Federal Rule of Bankruptcy Procedure 9019* [Docket No. 71] ("9019 Motion") and *Motion for Order Authorizing Sale of Real Property Free and Clear of Liens, Claims, and Interests Pursuant to 11 U.S.C. §§ 363(b) and (f)* [Docket No. 79] ("Sale Motion").[1]

## I.  INTRODUCTION

In two separate pleadings, the Debtors object to two settlement agreements (collectively the "Agreements") that, if approved, will subordinate two consensual liens recorded against the Debtors' property ("Property"), transfer the subordinated liens to the Trustee and provide consent to a sale of the Property by each lienholder. The Debtors also object to the sale of the Property via the two separate pleadings.

In their objection filed August 31, 2021 [Docket No. 75] ("Objection 1"), the Debtors challenge the propriety of the settlement agreements on the grounds that: (1) no dispute is described in the 9019 Motion, (2) the 9019 Motion is a "circuitous attempt to object to the Debtors' homestead exemption," and (3) sales of fully encumbered property are "disfavored" and subject to "heightened scrutiny." In their objection filed September 28, 2021 [Docket No. 84] ("Objection 2"), the Debtors claim: (1) the 9019 Motion should be denied because there is no dispute between the Trustee and the lienholders, and (2) FRBP 9019 cannot be used to override substantive provisions of the Bankruptcy Code. The Debtors' objections fail to raise a cognizable basis to deny the 9019 Motion.

---

[1] Capitalized terms have the same meaning or definition as the capitalized terms in the Motion.

The Debtors contend the liens to be subordinated and transferred to the Trustee are not in dispute and, therefore, are not subject to compromise or settlement. Objection 1, p.3:9-19, and Objection 2, p.9:9-10. The Debtors provide no support for their contention that a dispute must exist before a compromise or settlement can be approved by the Court. *Id.* In fact, the standard for approval of a compromise does not require a dispute exist before a compromise can be approved. *See* FRBP 9019; and *see In re A & C Properties*, 784 F.2d 1377, 1381 (9th Cir. 1986). Hence, there is no basis to sustain the Debtors' first objection.

The Debtors also invite the Court to deny the 9019 Motion because it is a disguised objection to their claim of exemption asserted against the Property. *See* Objection 1, p.3:20-26, p.3:27-28, and p.4:1-8, and Objection 2, p.9:14-28, and p.10:1-2. The Debtors' claim is at odds with the relief sought in the Motion. The Trustee only seeks approval of the Agreements, authority to enter into the Agreements, and authority to execute any documents or take any other action in furtherance of the Agreements. The Debtors' second challenge is baseless and should be overruled.

Finally, the Debtors claim the sale, which is the subject of the Sale Motion and not the 9019 Motion, is improper. Objection 1, p.4:9-26. The Agreements provide more than $273,000 of unencumbered assets to the Estate. The Agreements also provide the requisite consent of two secured creditors to the sale of the Property. The benefit of the transactions contemplated in the Agreement is abundantly clear notwithstanding the Debtors' contention that the sale is improper. Because there is a clear benefit to the Estate, the 9019 Motion should be granted and the compromises approved.

The Debtors also object to the Sale Motion via Objections 1 and 2,[2] claiming that: (1) the Trustee is attempting to use third-party carve out agreements to effectively

---

[2] Debtors make some arguments in Objection 1 regarding the propriety of a sale of the Property. The Sale Motion was not yet filed at that time and therefore any arguments in Objection 1 about a sale were

(Continued...)

surcharge the Debtors' homestead exemption, (2) the Trustee has not rebutted the presumption of impropriety for a sale of over encumbered property, (3) the Trustee and his professionals are the "primary financial beneficiaries" of the proposed sale and that general unsecured creditors will not receive any distribution, and (4) that the Court should order the Trustee to abandon the Property because it is burdensome and of inconsequential value or benefit to the Estate. As more fully set forth below, these objections are largely without merit.

First, the Trustee has revised the proposed distribution scheme regarding the proceeds from the sale of the property to address the Debtors' argument regarding surcharge. Second, while the Trustee does not believe that the presumption of impropriety applies to the contemplated sale, the Trustee nevertheless has met the standard for overcoming that presumption. Third, the Trustee and his professionals are not necessarily the "primary financial beneficiaries" of the proposed sale and general unsecured creditors are not required to be guaranteed a distribution from the sale in order for the Court to approve it – a meaningful distribution to priority unsecured creditors is sufficient. Lastly, the Debtors' request for abandonment is procedurally improper, and must be made by a separately noticed motion. Because the proposed sale of the Property will generate significant funds to pay unsecured creditors, it is in the best interest of the Estate and the Sale Motion should be granted.

## II.    ARGUMENT REGARDING 9019 MOTION

### A.    The Trustee Is Not Required to Demonstrate a Dispute Exists.

The Debtors challenge the appropriateness of the compromise reached under a theory that a dispute must exist before relief is available under FRBP 9019. No such requirement exists. *See* FRBP 9019; and *see In re A & C Properties*, 784 F.2d 1377,

---

(...Continued)

premature and inapplicable. However, as those arguments are largely repeated in Objection 2, the Trustee will address them nevertheless.

1381 (9th Cir. 1986).  Additionally, bankruptcy courts are given great latitude in approving compromise agreements.  A bankruptcy court's discretion is not unlimited; compromises must be fair and equitable. *Woodson v. Fireman's Fund Ins. Co. (In re Woodson)*, 839 F.2d 610, 620 (9th Cir. 1988). Such agreements must also be reasonable under the particular circumstances of the case, and in the estate's best interests. *In re Mickey Thompson Entertainment Group, Inc.*, 292 B.R. 415, 420 (B.A.P. 9th Cir., 2003).

Under the agreements, the portions of the liens held by Comerica and CNB/VEDC will be subordinated and transferred to the Trustee under 11 U.S.C. § 510(c).  The value of the liens is approximately $273,325.  Although the transfer of each lien is conditioned upon a sale of the Property, once the sale occurs, $273,325 will be paid to the Trustee for the benefit of unsecured creditors.  In sum, the Trustee will receive assets collectively worth $273,325 in exchange for nothing other than the costs to liquidate the Property.  The compromises are fair, equitable, reasonable under the circumstances and in the best interest of the Estate.

Assuming, arguendo, the Debtors are correct and Rule 9019 does not apply because a dispute does not exist, the agreements can be approved by the Court as stipulations between the parties which do not bind any other party and approval under Rule 9019 is not required.  *See In re Flores*, 2013 WL 6186262 at *7 (Bankr. C.D. Cal. 2013) ("… Rule 9019 approval can be read as permissive rather than mandatory where the parties are not seeking to bind anyone other than the parties to the stipulation. *In re Hall,* 2010 Lexis 1487 (Bankr.D. Kansas 2010). Where settlements are simply stipulations between two parties, without an opportunity for all to be heard, notice need not be given to all under Rule 9019, as they do not seek to bind others. *8 Norton Bankruptcy Law & Practice 167:1* (Thompson/West 2009); *In re Optin Beal Big.com, LLC*, 345 B.R. 277, 291 (Bankr. D. Colo. 2006)).

Here, the Trustee has reached two agreements to subordinate a portion of each secured claim to all other claims of the Estate and obtain a portion of each lien from each creditor.  The acquisition of portions of each lien do not impact the rights of any party

other than Comerica and CNB/VEDC, including the Debtors. Instead, the Trustee has acquired the lien positions and rights of Comerica and CNB/VEDC and only Comerica and CNB/VEDC are impacted by the transactions contemplated by the Agreements.

The Agreements do not impact the Debtors' homestead exemption. In the event of a sale of the Property during the bankruptcy case, the entire liens of Comerica and CNB/VEDC must be paid before the Debtors' homestead exemption is paid unless one or both liens are avoided because the Property remains liable. *See* 11 U.S.C. § 522(c)(2) (unless a lien is avoided under §§ 522(f) or (g), or 544, 545, 547, 548, 549 or 724(a) or declared void under § 506(d), property of the estate/debtor remains liable for the underlying debts associated with a lien). This is true even if the Agreements are approved because the Trustee is acquiring portions of each lien and the rights attendant thereto. Hence, the Agreements do not affect the rights of other parties, including the homestead rights of the Debtors, and can be approved by the Court even if Rule 9019 does not apply.

**B.   The Motion Does Not Request the Court Adjudicate Any Exemption Rights the Debtors May Have in Connection with the Property**

The Debtors claim the Motion is "a circuitous attempt to object to Debtors' homestead exemption." Objection 1, p.3:20-26, p.3:27-28, and p.4:1-8. The Debtors' characterization of the relief requested by the Trustee is false.

The Motion refers to the Debtors' exemption in four places. Motion, p.3:24-25 and p.9:25-26. The first two references simply provide information relating to the Debtors' claim of exemption on a factual basis. Motion, p.3:24-25. The last two references explain the flow of proceeds from the sale of property encumbered by liens. Motion, p.9:25-26. In the Motion, the Trustee does not seek any relief in connection with the Debtors' homestead exemption. The Debtors' Objection should be overruled on this basis.

**C.   The Liens Provide Significant, Unencumbered Assets to the Estate**

The Debtors also appears to argue the Agreements, which contemplate a sale, should not be approved because there is no benefit to the Estate if the Agreements are

approved and the sale is conducted. Objection 1, p.4:9-28, p.5:1-24. The Debtors are wrong.

If the Agreements are approved, the Trustee estimates the Estate will receive liens against the Property that are over-encumbered and, therefore, worth approximately $273,325 to the Estate. The Trustee concedes the value of the transferred liens will only be recognized if the Property is sold. If, however, the Property is sold and the Trustee recovers the penalty portion of a tax lien under § 724(a), the Trustee estimates approximately $293,144.42 will be paid to the Estate after the first four deeds of trust, a tax lien and a portion of the Debtor's exemption is paid. Although the Debtors contend the Trustee's commission and fees of Estate professionals will consume the net amount generated from the sale, the Debtors fail to recognize these fees are not immutable. Instead, the Trustee and his professionals can reduce the amount paid on their fees from the recovered liens in order to ensure a meaningful distribution is made to unsecured creditors. Moreover, the Debtors fail to address the impact of the $753,000 judgment the Trustee is separately pursuing. Should a recovery be secured, additional funds will be available to pay administrative expenses and unsecured claims.

Approval of the Agreements will enable the Estate to share in the proceeds generated from the Trustee's proposed sale of the Property in exchange for very little consideration. In short, the proposed Agreements provide a mechanism for the Estate to realize cash from the Property in a manner that is cost-effective and expedient.

### III.    **ARGUMENT REGARDING SALE MOTION**

#### A.    **"Surcharge" of Exemption**

The Debtors argue the proposed distribution results in a surcharge of their homestead exemption. *See* Objection 2, 9:21-22.

The Trustee proposed a payment of costs of sale before payment to all secured creditors and the Debtors in the Motion. This, however, could be construed to be an impairment of the Debtors' homestead exemption. In order avoid any alteration of the Debtors' exemption rights, administrative expenses will paid from the transferred liens of

CNB/VEDC and the avoided lien of the IRS and the remainder of the sale proceeds will be paid to the Debtors on their homestead exemption. As is outlined below, the Trustee's revised distribution schedule is estimated to yield $45,962.76 to the Debtors on their homestead exemption. Accordingly, the Debtors' homestead exemption is not impacted by the sale and will be paid pursuant to the distribution scheme provided by California law and the Bankruptcy Code.

### B. The Property Should be Sold Free and Clear of the Penalty Portion of the IRS Lien

The Motion sought approval of a sale free and clear of the IRS lien with no portion of the IRS lien paid from the sale proceeds. Based upon the Trustee's reallocation of payment from the sale proceeds (i.e., a shift to payment of costs of sale from the transferred liens), sufficient sale proceeds will exist to pay the IRS lien in part, with the remaining part treated as disputed because a portion of the lien secured penalties.

Section 363(f)(4) permits a sale free and clear of certain liens, claims and interests where a bona fide dispute exists in connect with a lien, claim, or interest. § 363(f)(4). The Bankruptcy Code does not define the phrase "bona fide dispute." In adopting the Seventh Circuit's standard regarding the phrase "bona fide dispute" as it is used in § 363, the Ninth Circuit reasons that a "bona fide dispute" lies where there is "an objective basis for either a factual or legal dispute" regarding liability or the amount of a debt. *Liberty Tool v. Vortex Fishing Sys. (In Re Vortex Fishing Sys.)*, 277 F.3d 1057, 1065 (9th Cir. 2002); *In re Busick*, 831 F.2d 745, 750 (7th Cir. 1987).

The IRS filed a proof of claim for $95,318.44. POC 4-1. Of that amount, $850.00 is a priority unsecured claimed under § 507(a)(8). $19,819.42 of the secured claim represents penalties, which may be avoided, recovered and preserved for the benefit of the Estate. *See generally* §§ 724(a), 726(a)(4), 550 and 551.

Section 724(a) unequivocally authorizes a bankruptcy court to set aside liens preserving penalties. *See* § 724(a). To date, the IRS has not conveyed the penalty portion of its lien to the Estate.

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000    Fax 714-966-1002

Although the Trustee believes an agreement will be reached with the IRS to avoid and set aside the penalty portion of its lien, the lien remains disputed because the penalty portion of the lien can be set aside and preserved for the benefit of the Estate under § 724(a). As such, the sale can be approved free and clear of the IRS lien because the validity of the penalty portion of the IRS lien is disputed. Section 363(b)(4) is satisfied as to the IRS lien.

### C.   The Sale Will Provide Significant Proceeds to the Estate

As noted above, the Trustee has revised the scheduled distribution of sale proceeds to comport with the Debtors' homestead exemption rights. The revised schedule is as follows.

| | |
|---|---|
| $2,860,000.00 | Sale Price |
| $45,000.00 | Property Taxes (delinquent and ongoing) |
| $1,650,243.80 | Shellpoint Mortgage Servicing (1st DOT) |
| $150,000.00 | First Choice Bank (2nd DOT) |
| $410,000.00 | Comerica Bank (3rd DOT) |
| $191,000.00 | Valley Economic Development Center ("VEDC") (4th DOT) |
| $273,325.00 | Subordinated lien/carve out from Comerica Bank ($39,325.00) and VEDC ($234,000.00) (to the Estate)[3] |
| $74,649.02 | IRS remaining secured lien, less penalty |
| $19,819.42 | Avoidable IRS penalty (to the Estate)[4] |
| $45,962.76 | Balance to be paid to Debtor on account of homestead exemption |

---

[3] The entire amount is unencumbered cash for the Estate.

[4] The entire amount is unencumbered cash for the Estate.

The above chart complies with the priority distribution scheme contemplated by California law and the Bankruptcy Code.  First, the four consensual lienholders are being paid pursuant to the security agreements and their respective deeds of trusts.  Second, the consensual liens that were transferred to the Estate are being paid pursuant to the same security agreements and their respective deeds of trust.  Third, the IRS secured claim is being paid as it is a statutory lien not subject to Debtors' claimed exemption.  Fourth, the portion of the IRS lien that is avoidable and recoverable for the benefit of the Estate is being paid as it is a statutory lien not subject to Debtors' claimed exemption.  Fifth, the Debtors are being paid their homestead exemption with the remaining funds.  Given the expected distributions, $293,144.42 will be generated from the sale for the benefit of creditors of the Estate.

### D.    The Proposed Sale Satisfies the Requirements of *In re KVN*

The Debtors argue the sale of the Property is subject to the heightened scrutiny described in *In re KVN*, and that the Trustee has not rebutted the presumption of impropriety.  *See* Objection 1, p.4:9-5:18; Objection 2, p.10:7-22.  While the Trustee does not believe that the subordination provisions set forth in the Agreements constitute carve-outs, and that therefore the proposed sale is not subject to the standards set forth in *In re KVN Corporation,* 514 B.R. 1, 8 (9th Cir. BAP 2014), the proposed sale nevertheless satisfy those requirements.

Before fully encumbered property may be sold, the Trustee must overcome the rebuttable presumption of impropriety.  *See id.* at 8.  "To rebut the presumption, the case law directs the following inquiry: Has the trustee fulfilled his or her basic duties? Is there a benefit to the estate; i.e., prospects for a meaningful distribution to unsecured creditors? Have the terms of the carve-out agreement been fully disclosed to the bankruptcy court? If the answer to these questions is in the affirmative, then the presumption of impropriety can be overcome."  *Id.*

The answer to each of these questions is a resounding yes.  First, the Trustee has fulfilled his basic duties.  Second, there is a benefit to the Estate in the form of a

meaningful distribution to unsecured creditors. The sale of the Property will generate approximately $293,144.42 for the Estate. Lastly, the terms of the subordination agreements have been fully disclosed to the Court, in the body of the 9019 Motion and in the Agreements themselves, as well as in the Sale Motion. Therefore, to the extent that the sale of the Property contemplated in the Agreements and the Sale Motion is subject to the standards set forth in *In re KVN*, those standards have been met.

E. **The Proposed Sale Will Generate Significant Funds for Unsecured Creditors**

Debtors argue that the Trustee and his professionals are the "primary financial beneficiaries of the sale," assuming without any knowledge that Trustee's counsel has incurred over $60,000 in attorney's fees, that the Trustee will demand the full statutory compensation he is entitled to of $90,050.00, and that the broker's commission will total $157,300.00. *See* Objection 2, p. 10:9-13. First, counsel's fees to date are less than $30,000.00.[5] Second, should the Property be sold for $2,860,000.00 to the initial bidder, the broker's commission will be 4.125% (or $117,975.00), rather than the 5.5% (or $157,000.00) represented in the employment application, as the broker has agreed to assign 50% of the buyer's side commission to the Estate for the initial bidder. If the Property is sold to an overbidder who is represented by the broker, the broker's commission will be 2.75% as the broker has agreed to assign the entire buyer's side commission to the Estate should the Property be sold to an overbidder represented by the broker. If the property is sold to an overbidder who is not represented by the broker, the broker's commission will be the 5.5% reflected in the employment application. Third, as set forth in Section II(c) above, counsel's fees and the Trustee's compensation are not immutable. The Trustee and his counsel are committed to providing a meaningful distribution to unsecured creditors, and to that end will reduce their compensation if

---

[5] Should the Trustee be obligated to litigate an appeal of the 9019 Motion and/or Sale Motion, counsel's fees are likely to be significantly higher than the $30,000.00 to date listed herein.

necessary. As further set forth in Section II(c) above, the Trustee is still pursuing collection of a judgment of $753,000.00 which, if the Trustee is successful, will provide additional funds to pay administrative and unsecured claims.

Debtors also argue that the Sale Motion should be denied because the sale will not generate sufficient funds to pay priority claims in full and therefore general unsecured creditors will not receive a distribution. Objection 2, p.10:13-14. Debtors misconstrue the arguably applicable law.[6] *In re KVN* does not require a guaranteed distribution to general unsecured creditors – it only asks the question "Is there a benefit to the estate; i.e., prospects for a meaningful distribution to **unsecured creditors**?" *In re KVN Corporation*, 514 B.R. 1, 8 (9th Cir. BAP 2014) (emphasis added). The sale need not pay priority unsecured creditors is full, nor guarantee a distribution to general unsecured creditors. The standard is a meaningful distribution, and as set forth above, the sale will generate sufficient funds to provide such a distribution.

### F. The Debtors' Request That the Court Order Abandonment of the Property is Procedurally Improper

Lastly, Debtors demand that the Court compel the Trustee to abandon the property because it is burdensome to the estate and of inconsequential value or benefit to the estate. Objection 2, p.11:1-19. The Court, however, cannot compel such abandonment at this time because the Debtors' motion is procedurally improper.

11 U.S.C. § 554(b) provides that "[o]n request of a party in interest and after notice and a hearing, the court may order the trustee to abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate." Federal Rule of Bankruptcy Procedure 6007(b) further provides that a party in interest may request abandonment if they "file and serve a motion requiring the trustee or debtor

---

[6] The Trustee maintains that the Sale Motion is not subject to the heightened standards laid out in *In re KVN*, but for purposes of addressing Debtors' argument will assume that the heightened standards apply.

in possession to abandon property of the estate." The Debtors have demanded abandonment via Objection 2, which pursuant to applicable law is inappropriate. Further, on the merits, any request for abandonment should be denied because as set forth above, the Property is of value and benefit to the estate and should be sold for the benefit of the Debtors' creditors.

## IV. CONCLUSION

For the reasons set forth herein, the Court should overrule the Debtors' objections and grant the 9019 Motion and the Sale Motion.

Dated: October 5, 2021    WEILAND GOLDEN GOODRICH LLP

By: */s/ David M. Goodrich*
DAVID M. GOODRICH
Counsel for Chapter 7 Trustee
Richard A. Marshack

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
**650 Town Center Drive, Suite 600
Costa Mesa, California 92626**

A true and correct copy of the foregoing document entitled (*specify*): <u>Omnibus Reply To Debtors' (1) Opposition To Chapter 7 Trustee's Motion For Order Approving Compromise Of Controversy Pursuant To Federal Rule Of Bankruptcy Procedure 9019 And (2) Omnibus Opposition To Motion To Approve Compromise And Motion To Approve Sale</u> will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**.  **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) <u>October 5, 2021</u>, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

David M Goodrich    dgoodrich@wgllp.com, kadele@wgllp.com;lbracken@wgllp.com;wgllp@ecf.courtdrive.com;gestrada@wgllp.com
Lance N Jurich    ljurich@loeb.com, karnote@loeb.com;ladocket@loeb.com;ljurich@ecf.courtdrive.com
Christopher J Langley    chris@slclawoffice.com, omar@slclawoffice.com;langleycr75251@notify.bestcase.com
George C Lazar    glazar@foxjohns.com
Richard A Marshack (TR)    pkraus@marshackhays.com, rmarshack@iq7technology.com;ecf.alert+Marshack@titlexi.com
Donald W Reid    don@donreidlaw.com, ecf@donreidlaw.com
Avi Schild    bk@atlasacq.com
United States Trustee (SA)    ustpregion16.sa.ecf@usdoj.gov
Robert P Zahradka    rzahradka@nationalfunding.com

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) <u>October 5, 2021</u>, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) <u>October 5, 2021</u>, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 10/5/2021 | Gloria Estrada | *Gloria Estrada* |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.