David M. Goodrich, State Bar No. 208675
dgoodrich@wgllp.com
**WEILAND GOLDEN GOODRICH LLP**
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Telephone    714-966-1000
Facsimile     714-966-1002

Counsel for
Richard A. Marshack, Chapter 7 Trustee

FILED & ENTERED

OCT 13 2021

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY deramus  DEPUTY CLERK

CHANGES MADE BY COURT

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA - SANTA ANA DIVISION

| | |
|---|---|
| In re<br><br>FARIBORZ ZANJANEE BABAEE AND MALIHE P. BABAEE,<br><br>Debtors. | Case No. 8:20-bk-10268-TA<br><br>Chapter 7<br><br>**ORDER GRANTING CHAPTER 7 TRUSTEE'S MOTION FOR ORDER:**<br>(1) AUTHORIZING SALE OF REAL PROPERTY FREE AND CLEAR OF LIENS, CLAIMS, AND INTERESTS PURSUANT TO 11 U.S.C. §§ 363(b) AND (f);<br>(2) APPROVING OVERBID PROCEDURES;<br>(3) APPROVING BUYER, SUCCESSFUL BIDDER, AND BACK-UP BIDDER AS GOOD-FAITH PURCHASER PURSUANT TO 11 U.S.C. § 363(m);<br>(4) AUTHORIZING PAYMENT OF UNDISPUTED LIENS, REAL ESTATE BROKER'S COMMISSIONS, AGENT'S ADMINISTRATIVE CLAIM, AND OTHER ORDINARY COSTS OF SALE; AND<br>(5) DIRECTING ALL OCCUPANTS OF THE PROPERTY TO VACATE THE PROPERTY AND REMOVE ALL PERSONAL PROPERTY<br><br>[508 Westminster Avenue, Newport Beach, California 92663; APN:  425-092-24]<br><br>**Remote Hearing:**<br>**DATE:**    October 12, 2021<br>**TIME:**    11:00 a.m.<br>**PLACE:**   Courtroom 5B<br>             411 West Fourth Street<br>             Santa Ana, California 92701 |

The *Chapter 7 Trustee's Motion for Order: (1) Authorizing Sale of Real Property Free and Clear of Liens, Claims, and Interests Pursuant to 11 U.S.C. §§ 363(b) and (f); (2) Approving Overbid Procedures; (3) Approving Buyer, Successful Bidder, and Back-up Bidder as Good-Faith Purchaser Pursuant to 11 U.S.C. § 363(m); (4) Authorizing Payment of Undisputed Liens, Real Estate Broker's Commissions, Agent's Administrative Claim, and Other Ordinary Costs of Sale; and (5) Directing All Occupants of the Property to Vacate the Property and Remove All Personal Property* [Docket No. 79] ("Motion")[1] came on regularly for hearing on October 12, 2021 at 11:00 a.m., before this Court, the Honorable Theodor C. Albert, United States Bankruptcy Judge, presiding. Richard A. Marshack, Chapter 7 Trustee ("Trustee") for the Bankruptcy Estate ("Estate") of Fariborz Zanjanee Babaee and Malihe P. Babaee ("Debtors"), appeared through his general counsel, Weiland Golden Goodrich LLP, by David M. Goodrich. All other appearances were noted on the record.

Having considered the Motion and all related pleadings, the Debtors' opposition [Dkt. No. 84], the Trustee's reply [Dkt. No. 85], and the arguments of counsel,

THE COURT FINDS THAT:

A. Notice of the Motion was proper and adequate;

B. The Trustee's marketing of the Property was adequate and proper;

C. The standards set forth in 11 U.S.C. § § 363(b) and (f)(1), (2), (4) and (5) for selling the Property free and clear of all liens, claims and interests, including all leasehold interests, have been satisfied;

D. Andrew Tan and Jenny Huang ("Buyer") have acted in good faith and are entitled to the protections of 11 U.S.C. § 363(m); and

E. Cause exists to grant the Motion.

---

[1] All capitalized terms have the same meaning or definition as the capitalized terms in the Motion.

Based on the foregoing and the findings and conclusions stated orally in the record, and good cause appearing therefore,

**IT IS HEREBY ORDERED THAT:**

1. The notice of the Motion and the hearing thereon is approved as proper and adequate under the circumstances.

2. The Motion is granted and the sale to Buyer is approved as the highest and best offer.

3. The Trustee is authorized to sell the real property commonly referred to as 508 Westminster Avenue, Newport Beach, California 92663 ("Property") and legally described as:

> THE LAND REFERRED TO HEREIN BELOW IS SITUATED IN THE CITY OF NEWPORT BEACH, COUNTY OF ORANGE, STATE OF CALIFORNIA, AND IS DESCRIBED AS FOLLOWS:
> LOT 3 IN BLOCK 30 OF FIRST ADDITION TO NEWPORT HEIGHTS, IN THE CITY OF NEWPORT BEACH, COUNTY OF ORANGE, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 4, PAGE 94, OF MISCELLANEOUS MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF ORANGE COUNTY, CALIFORNIA.
>
> APN: 425-092-24

to Buyer for the overbid price of $2,880,000.00, and in accordance with the terms and conditions that are set forth in the Purchase Agreement which is attached to the Motion.

4. The Trustee is authorized to pay the following undisputed liens or claims at closing of the sale:

   (i) the lien of Shellpoint Mortgage Servicing recorded on September 22, 2014 as instrument no. 2014-395001 in Orange County, California, shall be paid in full as of the date of the closing of the sale;

   (ii) the lien of First Choice Bank recorded on June 4, 2015 as instrument no. 2015-290300 in Orange County, California, shall be paid in full as of the date of the closing of the sale;

        (iii) the lien of Comerica Bank[2] recorded on August 11, 2015 as instrument no. 2015-413959 in Orange County, California, shall be paid as follows:

            (a)    $410,000.00 to Comerica Bank;

            (b)    the remainder of the Comerica Bank lien (approximately $39,325.00) to the Estate;

        (iv) the liens of Valley Economic Development Center, Inc. ("VEDC"), recorded on January 14, 2016, as instrument nos. 2016-25054 and 2016-25055 in Orange County, California,[3] shall be paid as follows:

            (a)    $191,000.00 to City National Bank ("CNB"), assignee of the Liquidating Trust of Valley Economic Development Center, Inc., and

            (b)    the remainder of the VEDC lien (approximately $234,000) to the Estate;

      5.    Pursuant to Section 363(f)(1), (f)(2), (f)(4) and/or (f)(5) of the Bankruptcy Code, effective upon closing, the sale of the Property will vest in Buyer all right, title and interest of the Debtor and the bankruptcy estate in the Property, free and clear of the liens, claims or interests listed below (collectively, "Affected Interests"):

---

[2] Pursuant to the Settlement Agreement between the Trustee and Comerica Bank which was approved at the hearing on the Chapter 7 Trustee's Motion for Order Approving Compromise of Controversy Pursuant to Federal Rule of Bankruptcy Procedure 9019 [Dkt. No. 71] ("9019 Motion") held on October 12, 2021, at 11:00 a.m., all but $410,000.00 of the Comerica Lien shall be subordinated to the claims of the Trustee, his professionals, and general unsecured creditors of the Debtors' estate, with the remainder retaining the same validity, priority, and extent that would otherwise exist under California law, pursuant to 11 U.S.C. § 510(c)(1). Further, pursuant to 11 U.S.C. § 510(c)(2), the lien securing the subordinated portion of the Comerica Lien shall be transferred to the Estate with the Estate receiving all associated rights held by Comerica as to the subordinated portion of the Comerica Lien.

[3] Pursuant to the Settlement Agreement between the Trustee and CNB and the Liquidating Trust which was approved at the hearing on the 9019 Motion held on October 12, 2021, the remaining $234,000.00 of CNB's interest in the CNB/VEDC Lien ("Subordinated Portion") is subordinated to the claims of the Trustee, his professionals, and general unsecured creditors of the Debtors' Estate, pursuant to 11 U.S.C. § 510(a). Further, the lien securing the Subordinated Portion shall be transferred to the Estate with the Estate receiving all associated rights held by CNB as to the subordinated portion of the CNB/VEDC Lien.

- Department of the Treasury – Internal Revenue Service recorded on August 17, 2016 as instrument no. 2016-000388256 in Orange County, California, in the amount of $104,035.80; and

- the judgment lien of Branch Banking & Trust Company (now Truist) recorded on February 4, 2019 as instrument no. 2019-369359 in Orange County, California, in the amount of $170,457.57.

6. Unless the holders of the liens, claims or interests identified in paragraph 5 above have agreed to other treatment, their liens, claims or interests, to the extent such liens, claims or interests have not been extinguished by this Order, shall attach to the proceeds of the sale with the same force, effect, validity and priority that previously existed against the Property.

7. This Order is and shall be effective as a determination that, upon and subject to the occurrence of the closing of the sale, all Affected Interests have been and hereby are adjudged and declared to be unconditionally released as to the Property and the Department of Treasury and Branch Banking & Trust Company, or their beneficiaries, shall execute and deliver deeds of reconveyance to the Trustee and any other documents necessary to demonstrate their liens have been unconditionally released and extinguished.

8. Buyer has not assumed any liabilities of the Debtor.

9. The Trustee is authorized to execute any such releases, termination statements, consents or instruments on behalf of any third party, including the holders of any liens, claims or interests identified in paragraph 4 of this Order, that are necessary or appropriate to effectuate or consummate the sale.

10. The Trustee, and any escrow agent upon the Trustee's written instruction, shall be authorized to make such disbursements on or after the closing of the sale as are required by the Purchase Agreement or order of this Court, including, but not limited to, (a) all delinquent real property taxes and outstanding postpetition real property taxes and assessments pro rated as of the closing with respect to the Property; (b) the broker's

commission; and (c) any escrow fees, title insurance premiums and other ordinary and typical closing costs and expenses payable by the Trustee pursuant to the Purchase Agreement or in accordance with local custom.

11. The Trustee is authorized to execute the Purchase Agreement, or other related documents that are reasonably necessary or appropriate to complete the sale, and to undertake such other actions as may be reasonably necessary or appropriate to complete the sale.

12. Except as otherwise provided in the Motion, the Property shall be sold, transferred, and delivered to Buyer on an "as is, where is" or "with all faults" basis.

13. Buyer is approved as a buyer in good faith in accordance with Section 363(m) of the Bankruptcy Code, and Buyer shall be entitled to all protections to Section 363(m) of the Bankruptcy Code.

14. This Order shall be effective immediately upon entry.  No automatic stay of execution, pursuant to Rule 62(a) of the Federal Rules of Civil Procedure, or Bankruptcy Rules 6004(h), applies with respect to this Order.

15. This Court retains jurisdiction to enforce and implement the terms and provisions of this Order and the Purchase Agreement, all amendments thereto, any waivers and consents thereunder, and each of the documents executed in connection therewith in all respects, including retaining jurisdiction to (a) compel delivery of the Property to Buyer, (b) resolve any disputes arising under or related to the Purchase Agreement, and (c) resolve any disputes regarding liens, claims, or interests asserted against the Property.

16. The Purchase Agreement and any related documents or other instruments may be modified, amended or supplemented by the parties thereto, in a writing signed by both parties without further order of the Court, provided that any such modification, amendment or supplement does not have a material adverse effect on the Estate.

17. The Trustee may retain, as the Estate's liquidated damages, the deposit of the Buyer should the Purchase Agreement be cancelled by the Buyer or, alternatively, the Trustee may return the Buyer's deposit, at the Trustee's discretion.

18. To the extent there is any tax liability to the Estate from the sale, the Trustee is authorized to pay such taxes from the net proceeds generated from the sale.

19. The overbidding procedures in the Motion are approved.

20. All occupants of the Property shall vacate and remove all personal possessions no later than two days prior to the scheduled close of escrow.

21. The Trustee, in his capacity as the Chapter 7 trustee of the Debtors' Estate, shall act as custodian of any and all items of personal property left on the Property when possession of the Property is taken.

22. *By further order, t*he United States Marshal, or other law enforcement agency, in taking possession of the Property, shall employ whatever reasonable force is necessary to enter the Property, regardless of whether the Property is locked or unlocked, occupied or unoccupied.

23. *By further order, a*nyone interfering with the enforcement of the Order shall be subject to arrest by the United States Marshal, or other law enforcement agency.

24. The Trustee is authorized to hire and pay all reasonable and necessary fees and expenses to a locksmith to assist in taking possession of the Property and to pay all reasonable and necessary fees and expenses associated with the United States Marshal or other law enforcement agency.

///

///

///

///

///

///

25. The Trustee is authorized to remove, store and/or dispose of any personal property that is left on the Property without further notice or order of this Court, free and clear of any claims or interests of any party and the Trustee will be authorized to pay all reasonable and necessary fees and expenses associated with the removal, storage and disposal.

###

Date: October 13, 2021

*Theodor C. Albert*
Theodor C. Albert
United States Bankruptcy Judge